

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:JD                                   *271 Cadman Plaza East*
F.#2011R02050                           *Brooklyn, New York 11201*


                                        April 20, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

               Re:  United States v. Anthony Graziano, et al.
                    Criminal Docket No. 12-050 (S-2)(CBA)

Dear Chief Judge Amon:

          The government respectfully submits this letter in
response to the April 12, 2012 request by a member of the media
for disclosure of the plea agreements in the above-captioned
matter.[1]  (Docket Entry # 117).  For the reasons set forth below,
the government does not object to the disclosure of the
agreements to members of the media.

          Under the common law, the public has a "general right
to inspect and copy public records and documents, including
judicial records and documents."  Nixon v. Warner Communications,
Inc., 435 U.S. 589, 597 (1978).  Similarly, under the First
Amendment, the public has a "qualified . . . right to attend
judicial proceedings and to access certain judicial documents."
Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir.
2004); see also Press-Enterprise Co. v. Superior Court of Cal.,

---

          1    In this matter, five defendants have entered guilty
pleas, pursuant to written agreements with the government, before
the Court and Magistrate Bloom.  Executed copies of those
agreements, collectively marked as Government Exhibits 1-5
(relating to defendants LaForte, Balsamo, Calabrese, Graziano and
Badalamenti, respectively) have been provided to the Court.

2

478 U.S. 1, 9 (1986).  According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests."  United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements.  In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: _____/s/_____

Jack Dennehy
Assistant U.S. Attorney
(718) 254-6133

cc:  Defense Counsel (by ECF)