

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JD:AHT                                        *271 Cadman Plaza East*
                                              *Brooklyn, New York  11201*

June 29, 2012

By ECF

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Nicholas Santora
            Criminal Docket No. 12-50 (S-6)(CBA)

Dear Judge Amon:

       The government respectfully submits this opposition motion in response to defendant Nicholas Santora's (the "defendant") motion for a Bill of Particulars and disclosure of materials under Brady v. Maryland, 373 U.S. 83 (1963).  For the reasons set forth below, the defendant's motion for a Bill of Particulars should be denied.  With respect to the defendant's request for Brady information, the government understands and will comply with its obligations.

I.    The Defendant's Request for a Bill of
     Particulars Should be Denied

    A.    Legal Standard

       Under the Federal Rules of Criminal Procedure, an indictment need only set forth a "plain, concise, and definite written statement of the essential facts constituting the offense."  Fed. R. Crim. P. 7(c)(1).  Additional details, in the form of a bill of particulars under Fed. R. Crim. P. 7(f), are not appropriate unless the indictment is so vague that it does not sufficiently alert the defendant to the nature of the charges so that he can prepare his defense, avoid unfair surprise, and preclude double jeopardy.  United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).

       In order to obtain a bill of particulars, a defendant must establish why he needs each of the particulars demanded and

explain how the denial of each will prevent him from identifying the specific crimes with which he is charged. The ultimate test of the appropriateness of a bill of particulars is whether the information is *necessary*, not whether it is simply helpful to the defendant. United States v. Wilson, 493 F. Supp. 2d 364, 370 (E.D.N.Y. 2006) (citing United States v. Weinberg, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987)). Where information sought by the defendant is provided in the indictment or through some other means, a bill of particulars is not warranted. See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Urso, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005). Thus, a bill of particulars is necessary only if "directed to curing defects in an *indictment*; that is [only if it] clarifies the *charges* against the defendant." United States v. Gotti, 784 F. Supp. 1017, 1019 (E.D.N.Y. 1992) (emphasis in original).

It is improper to use Rule 7(f) as a mechanism to limit the government's evidence or to flush out the prosecution's theories in advance of trial. Urso, 369 F. Supp. 2d at 272 ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars."); United States v. DeSalvo, 797 F. Supp. 159, 174 (E.D.N.Y. 1992) (observing that the relevant "test is not whether the information sought would be useful to the defendant but rather whether it is necessary to a defense") (quotation marks omitted); United States v. Larracuente, 740 F. Supp. 160, 163 (E.D.N.Y. 1990) ("A bill of particulars is not to be viewed as a discovery device to seek and compel disclosure of the Government's evidence prior to trial . . . .") (citing United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir. 1974)); United States v. Ianniello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars.").

The decision as to whether a bill of particulars should be granted "rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

B.  Analysis

Measured against that standard, the defendant's motion fails. The superseding indictment, viewed together with the information the government has provided in discovery, adequately informs the defendant of the charges against him, see Torres, 901 F.2d at 234, "sufficiently apprises him of what he must be prepared to meet, and is detailed enough to ensure against double jeopardy." United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973).

The defendant's requests for more detailed information regarding the factual basis for the alleged conspiracy, and the particulars of their role in the charged offenses are not required.  To the contrary, the law is clear that a defendant is not entitled to detailed evidence as to how, when, where or with whom an alleged conspiracy took place.  See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991) (bill of particulars not required to identify the specific activities by which defendant furthered conspiracy); United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).  Consequently, "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."  United States v. Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (collecting cases); cf. Torres, 901 F.2d at 233-34 (upholding district court's denial of bill of particulars where defendant had requested, in part, "the identity of those other persons 'known and unknown' as alleged in . . . the indictment . . . [and] precise dates and locations" and noting that defendant was not entitled to "evidentiary detail"); United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (denying defendants' requests for a bill of particulars detailing "the 'whens' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy").  The government "may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories."  United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004) (citation omitted).

The defendant argues that the superseding indictment lacks specificity.  Def.'s Letter at 3-6.  As an initial matter, the defendant has utterly failed to explain why disclosure of the requested information is necessary, rather than simply helpful to the defendant.  Further, contrary to the defendant's attempts to minimize the disclosures made by the government, the government has disclosed numerous recordings and transcripts and/or summaries of recordings which provide many of the details that the defendant seeks in his motion, including but not limited to the identities of victims and co-conspirators and dates of conversations.  The superseding indictment and the government's disclosures thus provide ample information regarding the substance of the allegations against him, including (1) a detailed description of the conduct at issue and (2) the date, time, and place at which the conduct allegedly occurred, such that the defendant has more than adequate information to prepare a defense and avoid double jeopardy.  In short, the defendant is well aware of the crux of the government's case with respect to each of the charges against him.  No more is required under the law.  The defendant's request for a Bill of Particulars should accordingly be denied.

II.  The Government Will Comply with Its *Brady* Obligations

The government is unaware of any material favorable to the defendant in this case.  The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).  The government will furnish before trial information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

Further, before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

                        Respectfully submitted,

                        LORETTA E. LYNCH
                        United States Attorney

By:     /s/
          Jack Dennehy
          Amir H. Toossi
          Assistant United States Attorney
          (718) 254-6133/6176

cc:  Clerk of the Court (CBA) (by ECF)
     Richard Rehbock, Esq. (by ECF)

Case 1:12-cr-00050-CBA   Document 164   Filed 06/29/12   Page 4 of 4 PageID #: 875